CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG 21 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID LYNN HALL, JR., ) | |
| Plaintiff, ) | Civil Action No. 7:08cv00463 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DORIS WHITMORE, ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff David Lynn Hall, Jr., an inmate at Middle River Regional Jail in Staunton, Virginia, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. For the following reasons, I will dismiss the action as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The court notes that the facts alleged in the instant case are substantially similar to the facts alleged in Hall's previous complaint, which I dismissed as frivolous. See Hall v. U.S. Equal Employment Opportunity Commission, et al, Civil Action No. 7:08cv00343 (W.D. Va. Jul. 10, 2008). In summary, Hall essentially alleges that he was fired from his high school job at Marshalls, Inc., after taking "too much time off" to complete a driver's education course. He claims that after his employment ended and he was later arrested, a presentence investigative report indicated that he suffered attention deficit disorder, asthma, "anxiety-depression," and epilepsy.[1] Although it appears that Hall is suggesting that his firing from Marshalls, Inc. was related to his medical conditions, he does not suggest that either he or anyone at Marshalls, Inc. was aware of his medical needs at the time of his employment and he does not explain how his medical needs could have related to his

---

[1] The court notes that Hall states, in passing, that he has not been medically examined since his incarceration. However, the court will not construe his allegation as a claim that, as an inmate, he has been denied medical treatment, because the court has already advised Hall, in his previous suit, that in order to pursue such a claim, he must provide sufficient detail to support such an allegation and name proper defendants, neither of which he has done in his instant petition. Doris Whitmore, Human Resources Manager for Marshalls, Inc. is not a proper defendant because she is not a "person" acting under color of state law, West v. Atkins, 487 U.S. 42 (1988), and further, the court could not reasonably construe Hall's claims to show that Whitmore was deliberately indifferent to any serious medical need plaintiff may have experienced.

firing. Hall also argues that because he has been "branded as a convicted felon," his self-esteem, and educational and employment opportunities have all been limited. As relief, Hall seeks "immediate re-hiring" by Marshalls, Inc., that he be qualified for the company's short-term disability paid-leave option, and that he be paid "due compensation for damages."

Pursuant to § 1915A(b)(1), the court must dismiss a complaint as soon as practicable if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A complaint may be dismissed as frivolous if it "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. Id. at 327-28. Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Having reviewed the instant complaint, I conclude that Hall's allegations are frivolous, and any legal theory upon which his complaint is based is indisputably meritless. Neitzke, 490 U.S. at 327-28. Therefore, I will dismiss his complaint as frivolous pursuant to § 1915A(b)(1).[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 21st day of August, 2008.

*Senior United States District Judge*

---

[2] Plaintiff is advised that under federal law, a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g).